### Richmond

#### Spangler v. Ashwell & Others.

November 21, 1912.

1. Equity Jurisdiction—*Adequate Remedy at Law—Agency.*—Where the whole controversy sought to be litigated in a suit in chancery turns upon whether or not one person was the agent of another, the remedy at law is full, adequate and complete, whether the principal is sought to be charged in consequence of an actual or implied agency, or by the adoption of the acts of the agent, and a court of equity is without jurisdiction.

2. Appeal and Error—*Jurisdiction—Dismissal.*—If, on appeal to this court, it appears that the trial court had no jurisdiction of the subject matter of the suit, it is not only within the power of this court, of its own motion, to dismiss the bill, but it is its bounden duty to do so.


Appeal from a decree of the Circuit Court of Bedford county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*S. & M. Griffin,* for the appellant.

*S. S. Lambeth, Jr.,* for the appellees.

Keith, P., delivered the opinion of the court.

Spangler filed his bill in the Circuit Court of Bedford county, in which he shows that about the year 1902 one Amos Ziegler, desiring to purchase certain mineral rights

in Bedford county, applied to him for a loan of $10,000; that wishing to aid Ziegler he made the loan to him, upon condition that any mineral rights purchased by Ziegler in Bedford county should be conveyed to Spangler as a security for said loan; that Ziegler made a number of purchases, and in pursuance of the agreement the conveyances were made to Spangler instead of to Ziegler; that Spangler had no knowledge of what took place between Ziegler and those from whom he purchased, and he (Spangler) had no motive whatever in making the loan aforesaid except his desire to aid Ziegler, who was a son of a friend and business associate; that in no event was he (Spangler) to profit by the transaction, but Ziegler was, so far as he was informed, the sole beneficial owner of the property and entitled to all the profits that might be realized from the transaction; that conveyances were made to Spangler, which recited the full payment of the purchase money; and that he (Spangler) knew of no credit having been extended by the landowners to Ziegler until actions of assumpsit, seven in number, were brought against him for the purpose of recovering certain sums of money represented by notes signed by Amos Ziegler. At the time of the institution of these suits attachments were issued and levied on the mineral rights standing in Spangler's name. Each one of the declarations filed contains three counts— the first seeking to recover upon the notes signd by Amos Ziegler, claiming that he was the agent of Spangler; the second setting up a mere promise to pay by Spangler through his alleged agent, Ziegler; and the third likewise alleging a promise to pay, and further alleging that by the acceptance of the deeds so made Spangler had ratified and confirmed the acts of Ziegler, and is, therefore, liable for the balance due on the purchase price of the property.

Alleging that he was remediless in a court of law, Spangler, after stating with much detail in his bill what we

have set forth in outline, prays that the plaintiffs in the said several suits at law be made parties defendant, and that they be enjoined and restrained from further proceeding in the actions of assumpsit before mentioned, and that they be required to assert their claims in the equity suit, and for general relief.

There was a demurrer to the bill by the defendants, which was overruled, and the defendants answered; and thereupon such proceedings were had as resulted in a decree of March 18, 1910, that unless the complainant, Spangler, should elect to pay to the defendants, who are the plaintiffs in the actions of assumpsit, the several sums claimed in those suits before the next term of court a decree for the sale of the property attached would be entered, which was accordingly done, the plaintiff, Spangler, having elected not to pay the sums demanded of him; and thereupon an appeal was awarded, which brings the case before us for review.

The appellant is, of course, in no position to assign as error in the decree of which he complains, that the demurrer to the bill which he himself filed was overruled. It therefore devolves upon the court, of its own motion, to act in the matter, or else to permit a controversy to be heard and determined in a court of equity with respect to which such courts have no jurisdiction.

The whole controversy turns upon whether or not Ziegler was the agent of Spangler, and that is a matter which in all its phases can be fully heard and determined in a court of law, whether the rights of the plaintiffs in the actions at law depend upon the actual or implied agency of Ziegler, or upon a subsequent adoption and ratification of such agency by Spangler by reason of his having availed himself of the benefits of a contract entered into by an unauthorized agent. Of course we mean to intimate no opinion upon any of these questions. All we now decide

is that the whole subject is one exclusively within the jurisdiction of common law courts.

That it is not only within the power of this court, of its own motion, to dismiss a bill under such circumstances, but that it is its bounden duty to do so, is shown by many cases which appear in our reports.

"If at the hearing of a cause, the case made on the pleadings and proofs is one of which a court of equity has no jurisdiction, the bill should be dismissed, though defendant made no objection to jurisdiction, either by demurrer, plea, or answer, but defended on the merits." *Green* v. *Massie,* 21 Gratt. (62 Va.) 356.

"The question of jurisdiction of a bill in equity may always be raised by demurrer, and though no objection has been so taken, the court will dismiss the bill at the hearing if it does not state a cause proper for relief." *Poindexter* v. *Burwell,* 82 Va. 507.

"The rights of a seller under a contract by which he retains the ownership of the article sold until payment is made are enforceable only at law, and a court of equity has no jurisdiction to enforce such rights under a bill claiming a statutory lien on other property of the purchaser, to which the complainant is not entitled; and, on an adverse determination of his right to equitable relief, the bill will be dismissed, though no objection for want of jurisdiction was taken by demurrer." *Boston Blower Co.* v. *Carman Lumber Co.,* 94 Va. 94, 26 S. E. 390.

For the foregoing reasons we are of opinion that the decree should be reversed and the bill dismissed.

*Reversed.*